UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>CHRISTOPHER COOLIDGE,<br><br>Defendant(s). | Case No. 2:18-CR-318 JCM (DJA)<br><br>ORDER |

Presently before the court is defendant Christopher Coolidge's motion to order revision of his Presentence Report (the "PSR"), or in the alternative, to append a copy of the court's oral rulings to the PSR. (ECF No. 120). The government has not responded.

The defendant was sentenced by the court on January 9, 2023. (ECF No. 118). The court imposed a term of incarceration of twelve months and a day after finding the defendant eligible for safety valve[1] relief. (ECF No. 121, at 22). The PSR did not apply safety valve. During sentencing, defendant objected to the PSR on grounds not related to the applicability of Safety Valve, which the court denied. (*Id.* at 6).

More than four months after the sentencing, and prior to obtaining the transcript of the proceeding, defendant moves for an order to amend the PSR. (ECF No. 120). However, the court lacks jurisdiction to order post-sentencing modifications of presentence reports. *United States v. Catabran*, 884 F.2d 1288, 1289 (9th Cir. 1989) (per curiam).

Federal Rule of Criminal Procedure 32(c) requires a probation officer to conduct a presentence investigation and submit a presentence report before the court sentences the

---

[1] 18 U.S.C. § 3553(f).

**James C. Mahan**
**U.S. District Judge**

defendant.  *See* FED. R. CRIM. P. 32(c).  Defendants are entitled to review the presentence report, Rule 32(e), object to the presentence report before it is submitted to the court, Rule 32(f), and object again at sentencing, Rule 32(i)(1)(D).

No rule in the Federal Rules of Criminal Procedure offers a means to make a *substantive* post-sentence correction or amendment to a presentence report.  *See* FED. R. CRIM. P. 35(e) (district court may correct a sentence that resulted from "arithmetical, technical, or other clear error" within 14 days after imposition of sentence); FED. R. CRIM. P. 36 (district court may correct a "clerical error" in a judgment at any time).

However, Federal Rule of Criminal Procedure 32(i)(3)(C) states that the court "must append a copy of the court's determinations" on presentence report disputes to the defendant's presentence report.  This rule may be satisfied by appending a copy of the sentencing transcript to the presentence report.  *See United States v. Cotharn*, 64 F. App'x 105, 106 (9th Cir. 2003).  As the court made findings on defendant's objections to the PSR—and the applicability of Safety Valve—at his sentencing hearing, the transcript of that proceeding should be appended to defendant's PSR.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to order revision of his PSR (ECF No. 120) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that a copy of THIS order and a copy of the sentencing transcript (ECF No. 121) be appended to defendant's PSR.

 The clerk is INSTRUCTED to include the probation department in the service of this order.

DATED October 31, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -